NO. 07-00-0573-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 12, 2001

_____


LADONNA CAROL COOK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 177TH DISTRICT COURT OF HARRIS COUNTY;

NO. 831191; HONORABLE CAROL DAVIES, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Following a plea of not guilty, appellant LaDonna Carol Cook was convicted by a jury of intentionally or knowingly causing bodily injury to a child under the age of 15 years, and punishment was assessed at ten years confinement, with a recommendation of community supervision. By two issues, appellant contends the evidence is legally and factually insufficient to support a jury finding that she intentionally and knowingly injured

a child.  Based upon the rationale expressed herein, we reform and affirm in part, and reverse and remand in part.

Because the State has not favored us with a brief, our evidence review is limited to appellant's brief and the appellate record.  Appellant, who is confined to a wheelchair suffering from juvenile rheumatoid arthritis, is the mother of three children who live in the home.  The complainant, an eight-year-old daughter, suffers from attention deficit hyperactivity disorder, bipolar disorder, and post-traumatic syndrome.  Based upon the report of Mary Ann Castillo, a neighbor, and the only eyewitness called by the State at trial, appellant was convicted of intentionally and knowingly causing bodily injury to child.

By two issues, appellant contends the evidence is legally, or in the alternative, factually insufficient to support the jury's finding that she intentionally and knowingly injured the child.  Because we agree that the evidence is legally insufficient to support the verdict, our consideration of the factual sufficiency issue is pretermitted.  *See* Tex. R. App. P. 47.1.

Standard of Review

When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996).  It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a

reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2002); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

Before proceeding with our review of the evidence to determine if it is legally sufficient to sustain the conviction, we first outline the essential elements the State was required to prove. Appellant was charged with injury to a child which is defined as follows:

> A person commits an offense if he intentionally, knowingly, recklessly, or with criminal negligence, by act or intentionally, knowingly, or recklessly by omission, causes to a child . . . bodily injury.

Tex. Penal Code Ann. § 22.04(a)(3) (Vernon Supp. 2002). Under section 22.04(f), an offense of intentionally or knowingly causing injury to a child is a third degree felony. When the conduct is reckless, the offense is a state jail felony. As material here, the trial court instructed the jury that:

3

A person acts intentionally, or with intent, with respect to a result of her conduct when it is her conscious objective or desire to cause the result.

A person acts knowingly, or with knowledge, with respect to a result of her conduct when she is aware that her conduct is reasonably certain to cause the result.

A person acts recklessly, or is reckless, with respect to the result of her conduct when she is aware of but consciously disregards a substantial and unjustifiable risk that the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise as viewed from the defendant's standpoint.

The jury found appellant guilty of intentionally or knowingly causing bodily injury to the child; and as instructed, did not answer the question regarding reckless injury to the child.

Appellant does not contend the child was not injured or that the child was over the statutory age. She does challenge the verdict that she intentionally or knowingly injured the child. The State called appellant's neighbor, Mary Ann Castillo, as its only witness to the events giving rise to the child's injury. According to her testimony, which conflicts with appellant's testimony in some respects, appellant asked Castillo for assistance tightening the locks on the windows in complainant's room. According to Castillo, she assisted appellant in placing the children in a large walk-in closet for disciplinary purposes for a few minutes. Later, while Castillo was holding the complainant in an attempt to calm the child, appellant was washing or rinsing some dishes. As the child continued to be unruly, appellant turned and walked toward the child holding a spoon in a threatening manner, which Castillo described as being hot, but she did not describe whether the spoon had

4

been heated by hot water or by flame from the stove. As relevant to the charge of burning

the child with a spoon, the reporter's record shows Castillo's examination as follows:

Q. And based on what you saw that day, based on what the defendant was saying and how Nikki was reacting, did you feel that the defendant intended to touch that child with the spoon?

A. I think she intended just to scare her; but when the little girl moved, that's when the little girl got burned on the lip. I gave the little girl some water and told LaDonna to give me some medicine or Chapstick or whatever, and we put it on her lip.

Q. Now, when Nikki was fighting you, was she pulling away from you, or was she pushing towards her mother?

A. No, she was there with me. She didn't go with her mamma.

Q. So the defendant had to actually reach out with the spoon in order for it to make contact with Nikki; is that right?

A. Yes, ma'am.

Q. Now, what did the spoon look like, the normal spoon? Was it a different color?

A. No, it was just a regular tablespoon.

Q. Did you actually see the defendant heat the spoon?

A. No, ma'am, uh-uh.

Q. How was it, after it touched Nikki, that you knew that that was a hot spoon?

A. Because she said it was hot. "Hot, hot, hot."

The State did not introduce any evidence as to how the spoon was heated, and it is

significant to note that the State did not introduce any evidence demonstrating that

5

appellant was wearing gloves or had a dish towel in her hand by which she allegedly held the hot spoon.

Appellant contends there was no evidence that she knowingly or intentionally injured the child. We agree. Although the record demonstrates a less than ideal home environment, the State's only eyewitness responded to the State's questions on intent by stating that she thought appellant only intended to scare the child and that the spoon made contact with the child when the child turned her face.

In applying the appropriate standard of review, we hold that the evidence is legally insufficient to support the conviction for intentionally or knowingly causing harm to the child, a third degree felony. *See* § 22.04(f). However, the evidence is sufficient to support a conviction for the lesser included offense of recklessly injuring the child, a state jail felony. *See* § 22.04(g). Because injury caused by reckless conduct is a lesser included offense of the offense of intentionally or knowingly causing injury to a child, the jury necessarily found appellant guilty of reckless conduct. Therefore, we conclude the evidence is sufficient to support appellant's guilt of the lesser included offense of injury to a child by reckless conduct. *See* Bigley v. State, 865 S.W.2d 26 (Tex.Cr.App. 1993). Appellant's first issue is sustained.

Accordingly, the judgment for intentionally or knowingly causing injury to the child is reformed to reflect a conviction for the lesser included offense of recklessly causing bodily injury to a child, and as reformed, is affirmed; that portion of the judgment assessing

punishment for intentionally or knowingly causing bodily injury is reversed and the case is remanded to the trial court for a new punishment hearing.

Don H. Reavis
Justice

Do not publish.